UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Jason Sallaz**, | ) | CASE NO. 4:22 CV 1239 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | |
| **Commissioner of Social Security,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Amanda M. Knapp ("R&R")(Doc. 12) recommending that the decision of the Commissioner be affirmed. Plaintiff has filed objections. The R&R is hereby ACCEPTED and the decision of the Commissioner is AFFIRMED.

**STANDARD OF REVIEW**

When objections are made to a Magistrate Judge's Report and Recommendation, the district court reviews the case *de novo*. Federal Rule of Civil Procedure 72(b) provides in

1

pertinent part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

**ANALYSIS**

As set forth below, the Court incorporates the R&R into this Opinion. Therefore, the Court need not repeat the medical history, which is thoroughly recited by the Magistrate Judge. Plaintiff objects to the R&R on two grounds. Each will be addressed in turn.

1. Opinion of Dr. Godek

Plaintiff objects that the ALJ improperly attacked the validity of the functional capacity evaluation ("FCE"), which is an objective test. The Court rejects plaintiff's argument. In sum, plaintiff appears to claim that the ALJ cannot discredit any of the Dr. Godek's opinions because they are based on the FCE. But the Magistrate accurately explained that the ALJ did not "reject" the FCE. Rather, the ALJ thoroughly analyzed the findings in conjunction with the evidence as a whole. By way of example, the ALJ rejected Dr. Godek's limitation as to "occasional simple and fine grasping," as not supported by observation in the FCE and not relevant to the impairments affecting the lower lumbar spine and lower extremities. Plaintiff does not offer any argument or law as to why unrelated limitations must be accepted when there is no indication that the limitation is related to the plaintiff's impairments.

The Court further agrees with the Magistrate Judge that the ALJ did not commit reversible error in analyzing plaintiff's antalgic gate. Notably, the ALJ did not dispute the

2

observation of an antalgic gate in connection with the FCE. In other words, the ALJ did not reject this objective finding. Rather, the ALJ relied on other medical evidence to discount Dr. Godek's opinion regarding the limitations related to the observation. The ALJ noted that plaintiff's primary care physician observed no antalgic gate, and plaintiff's orthopedist surgeon noted a "slightly" antalgic gate.[1] More important, the ALJ thoroughly analyzed the medical evidence related to the severity of the observation. This evidence includes the MRI and notes from the physicians who treated plaintiff. Based on this medical evidence, the ALJ discounted the limitation imposed by Dr. Godek.

The same holds true with respect to other limitations noted by Dr. Godek. The ALJ indicated that many of the limitations assessed during the FCE arose as a result of plaintiff's subjective reports of pain. The Magistrate Judge thoroughly analyzed this argument and concluded that substantial evidence supports the ALJ's determination that many limitations in the FCE are based on plaintiff's subjective complaints and not just on direct observation. This Court agrees. The ALJ relied on the fact that, despite plaintiff's complaints of severe pain, plaintiff testified that he treated the pain only with over-the-counter medication. The ALJ discussed the persuasiveness and consistency of the limitations assessed by Dr. Godek, but did not improperly "reject" any "objective" findings in the FCE. The Court agrees with the Magistrate Judge that the ALJ was permitted to consider whether the limitations assessed by Dr. Godek were consistent with, and supported by, other medical and non-medical evidence.

The Court further agrees with the Magistrate Judge's recommendation that the ALJ's

---

[1] Plaintiff points out that on another occasion, the orthopedist observed an antalgic gate. Standing alone, this does not negate the ALJ's analysis.

finding was supported by substantial evidence. Plaintiff objects to this analysis only to the extent that the ALJ did not accept the FCE. Accordingly, the Court accepts the Magistrate Judge's analysis and need only address plaintiff's argument regarding whether the ALJ was permitted to discount the FCE.

Upon review, the Court rejects plaintiff's argument. Plaintiff points out that a number of cases in the ERISA context in which the Sixth Circuit determined that an FCE "is generally a reliable and objective method of gauging the extent one can complete work-related tasks." *Caesar v. Hartford Life and Acc. Ins. Co.*, 464 Fed. Appx. 431, 435 (6th Cir. 2012) (citation and quotation omitted). *See also Brooking v. Hartford Life & Accident Ins. Co.*, 167 Fed. Appx. 544, 549 (6th Cir. 2006) (describing an FCE as "objective evidence" of the claimant's back pain). In those cases, the Sixth Circuit determined that reversible error may occur if the FCE is rejected without a "reasoned explanation." *Caesar*, 464 Fed. Appx. at 435. The Court agrees, however, with the analysis set forth in *Adams v. Kijakazi*, 2023 WL 234768 (N.D. Ohio March 3, 2023)(*appeal filed*, Sixth Circuit 23-3284), wherein the Court determined that the ERISA cases are distinguishable. In *Adams*, the court held as follows:

> In the social security context, however, federal courts have found that an ALJ may reject limitations in an FCE so long as the ALJ adequately explains her reasons for doing so and those reasons are supported by substantial evidence. Specifically, courts in this District have upheld ALJ decisions rejecting limitations contained in an FCE as "inconsistent with, and not supported by, medical evidence in the record, citing specific evidence in support." *Klapp v. Comm'r of Soc. Sec.,* 2022 WL 310228 at * 20 (N.D. Ohio Feb. 2, 2022). *See also Fair v. Comm'r of Soc. Sec*., 2022 WL 1802977 at * 6 (N.D. Ohio June 2, 2022); *King v. Saul*, 2020 WL 1025170 at * 9-10 (N.D. Ohio March 3, 2020)*; Mullett v. Berryhill*, 2019 WL 551446 at * 11 (N.D. Ohio Feb. 12, 2019).

*See also*, *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 554 (6th Cir. 2020)(although noting that an FCE is based on "objective observation and defined criteria," the Court nonetheless analyzed

4

the opinion based on supportability and consistency under the treating physician rule).

Similarly, a court in the Southern District of Ohio rejected the argument that plaintiff now makes, determining that an ALJ need not accept the entirety of an FCE on the basis that it constitutes objective evidence. Rather, the court found that an ALJ may reject an FCE where substantial evidence exists in the record that contradicts the findings. *See*, *Thompson v. Comm'r of Soc. Sec.*, 2020 WL 3410350 at fn 5 (S.D. Ohio June 22, 2020), *report and recommendation adopted by*, 2022 WL 178512 (Jan. 20, 2022)("Plaintiff cites *Shaw v. AT &T Umbrella Ben. Plan No. 1*, a case involving disability benefits under ERISA, for the proposition that the functional capacities evaluation constitutes 'objective evidence' to support her claim. *Shaw* does not aid Plaintiff in this case, because the ALJ's analysis was supported by other substantial (and equally 'objective') evidence that Plaintiff was not limited to sedentary work.").

The Court agrees with the reasoning of these cases. Because the ALJ discounted the FCE with a reasoned explanation supported by substantial evidence, the ALJ did not err in assessing the opinion of Dr. Godek. The fact that the ALJ did not cite to a medical opinion directly contradicting the FCE does not warrant remand.

2. Logical bridge

Plaintiff objects that the ALJ failed to build a logical bridge in assessing the opinions of Drs. Godek and Miller. As an initial matter, the Court finds that plaintiff waived any argument with respect to the opinion of Dr. Miller. Plaintiff does not raise any specific objection regarding this opinion. Rather, plaintiff refers the Court to the entirety of the brief and reply brief she filed before the Magistrate Judge. Absent any specific argument, the Court does not consider any

5

challenge to Dr. Miller's opinion as having been properly raised.[2]

The Court rejects plaintiff's argument that Dr. Godek failed to build a logical bridge. In essence, plaintiff argues that the ALJ's opinion is not "logical" because it improperly discounted the FCE. Although acknowledging that the "ALJ did indeed provide a detailed set of reasoning against Dr. Godek," plaintiff argues that the reasoning fails to support why the FCE findings are incorrect. Plaintiff goes on to argue that the reasons have no logical bearing on the test's validity and improperly ignores the "clear presence of objective observations." This Court finds that this argument is simply a re-hashing of the arguments set forth and rejected above. For the reasons stated above, the Court rejects plaintiff's argument that the ALJ failed to build a logical bridge.

## **CONCLUSION**

This Court, having found plaintiff's objections to be without merit, hereby accepts the Magistrate Judge's R&R. In accordance with that recommendation, judgment is entered in favor of the Commissioner for the reasons stated by the Magistrate Judge, and the R&R is incorporated herein by reference.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
Date: August 16, 2023                United States District Judge

---

[2] To the extent plaintiff challenges, as matter of law, whether an ALJ may *ever* discount a treating physician opinion based on an FCE absent a directly contradictory medical opinion, the Court finds that the reasoning set forth in connection with Dr. Godek's opinion applies with equal force.